

500 E Main Street, Suite 1400
Norfolk, VA 23510
Tel: (757) 904 5373

299 Broadway, Suite 1816
New York, NY 10007
Tel: (212) 548 3212

February 28, 2022

**Via ECF**

The Honorable John P. Cronan
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

        *Tennenbaum Living Trust et al v. TGLT S.A.*, 1:20-cv-06938 (JPC)

Dear Judge Cronan:

      We submit this letter motion on behalf of plaintiffs Tennenbaum Living Trust and Merkin Family Foundation (the "Trusts") to request an extension of the current discovery schedule, in accordance with Rule 3(B) of the Court's individual practices for civil cases.

      *Discovery Deadlines*: Under the current case management plan and scheduling order, all discovery must be completed by March 7, 2022. We respectfully request a 60-day extension of all discovery deadlines. Under the proposed extension, all discovery must be completed by **May 6, 2022**.

      *Reasons for the Request*: An extension of discovery is necessary because document production and depositions are not complete.

      As to documents, at a conference on February 16, 2022, the Court instructed defendant TGLT S.A. to search for and produce all documents considered by the TGLT board concerning the mandatory-conversion of notes into equity, and TGLT agreed to do so. To date, TGLT has not yet produced any additional documents pursuant to the Court's instruction.

      As to depositions, TGLT's initial disclosures identified certain current and former TGLT board members and advisors with knowledge of the February 10, 2020 board meeting at issue in this case. The disclosures specifically noted that "TGLT does not authorize communication by Plaintiffs with these individuals or any other current or former employee or agent of TGLT." TGLT also requested "that all current and former TGLT employees listed in these disclosures be contacted through TGLT's counsel, Davis Polk & Wardwell LLP."

      Having instructed us not to contact these witness directly, we must rely on TGLT to

coordinate with them. Consequently, we asked TGLT's counsel on February 10 to reach out to the individuals identified in TGLT's initial disclosures to schedule depositions. For additional specificity, on February 14, we provided a list of the eight individuals with whom we wanted TGLT's counsel to coordinate. On February 16, TGLT proposed a date for the deposition of one of these witnesses (Davis Polk lawyer Nicholas Kronfeld), but did not provide dates (or information of any kind) as to the other seven. On February 18, we informed TGLT's counsel that we could not take Mr. Kronfeld's deposition on the date proposed, and we also asked for an update on the other witnesses.

To date, the parties have not scheduled any depositions, and TGLT has not provided any information as to seven of the eight witnesses we have asked about.

Because TGLT has not completed its document production and because TGLT has not yet scheduled the depositions of any witnesses in its control, an extension of discovery is necessary.

*Number of Previous Requests*: This is the parties' first request for an extension of discovery deadlines.

*Consent of Opposing Counsel*: Opposing counsel does not consent to the requested extension.

We are available at the Court's convenience to discuss this request.

    Respectfully,

/s/ John F. Baughman
John F. Baughman
The Law Offices of John F. Baughman
*Counsel for Plaintiffs Tennenbaum Living Trust and Merkin Family Foundation*

cc:   All counsel of record via ECF

The request is granted. All deadlines in the current Case Management Plan are extended by 60 days. The motion to stay discovery, Dkt. 67, is denied as moot. Defendants shall respond to Plaintiffs' arguments in their letter of earlier today in further support of their request for leave to amend, *id.*, by March 18, 2022.

SO ORDERED.
Date: March 15, 2022
    New York, New York

JOHN P. CRONAN
United States District Judge